People v Law (2023 NY Slip Op 02594)

People v Law

2023 NY Slip Op 02594

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Ind No. 99026/16 Appeal No. 231 Case No. 2018-801 

[*1]The People of the State of New York, Respondent,
v
Tira Law, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about October 10, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 30 points under the risk factor for use of violence, because the People proved by clear and convincing evidence that he used a dangerous instrument during the underlying sexual assault. A dangerous instrument is "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00[13] [emphasis added]). The record indicates that defendant attempted to gag the victim — who was tied face down on the bed by her hands and feet — with a necktie and a pair of panties, while the victim resisted, including by screaming and biting defendant's finger. Under these circumstances, these articles of clothing constituted dangerous instruments (see People v Cwikla, 60 AD2d 40, 44 [1977], revd on other grounds 46 NY2d 434 [1979]; see also People v Vasquez, 88 NY2d 561, 580 [1996]; People v Rivera, 213 AD3d 420, 421 [1st Dept 2023]).
According to the Penal Law, the term "physically helpless" means that a person is unconscious or physically unable, for any other reason, to communicate unwillingness to an act (Penal Law § 130.00[7]). While it is plain that defendant attempted to gag the victim, the record does not contain clear and convincing evidence that he succeeded in silencing the victim, who verbally and physically expressed her lack of consent. Accordingly, the court should not have assessed 20 points on the ground that the victim was physically helpless (see People v Zaire, 123 AD3d 641 [1st Dept 2014], lv denied 25 NY3d 903 [2015]). However, after these points are subtracted, defendant remains a level two offender.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023